IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **JOSEPH FREEMAN WALKER,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:12-00566 |
| **MICHAEL J. ASTRUE,** **Commissioner of Social Security,** | ) ) ) ) |
| **Defendant.** | ) |

**PROPOSED FINDINGS AND RECOMMENDATION**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Plaintiff's application for Disability Insurance Benefits (DIB), under Title II of the Social Security Act, 42 U.S.C. §§ 401-433. By Standing Order entered February 27, 2012 (Document No. 4.), this case was referred to the undersigned United States Magistrate Judge to consider the pleadings and evidence, and to submit Proposed Findings of Fact and Recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the Court are the parties' cross-Motions for Judgment on the Pleadings (Document Nos. 12 and 13.) and Plaintiff's Reply. (Document No. 14.)

The Plaintiff, Joseph Freeman Walker (hereinafter referred to as "Claimant"), filed an application for DIB on January 22, 2009 (protective filing date), alleging disability as of May 15, 2008, due to "rib fracture, herniated discs in mid back (lumbar area), tennis elbow, hip replacement, pins and rods in right leg, pulmonary embolism, green filter pulmonary in neck to keep blood clot from going to heart (1992), I got my total disability at that time but I returned to work later." (Tr. at 15, 122-23, 140, 144.) The claims were denied initially and upon reconsideration. (Tr. at 63-65,

78-80.) On August 20, 2009, Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. at 81-82.) The hearing was held on September 21, 2010, before the Honorable Geraldine H. Page. (Tr. at 32-60.) By decision dated October 5, 2010, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 15-26.) The ALJ's decision became the final decision of the Commissioner on January 19, 2012, when the Appeals Council denied Claimant's request for review. (Tr. at 1-4.) Claimant filed the present action seeking judicial review of the administrative decision on February 27, 2012, pursuant to 42 U.S.C. § 405(g). (Document No. 2.)

Under 42 U.S.C. § 423(d)(5) and § 1382c(a)(3)(H)(I), a claimant for disability benefits has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. §§ 404.1520, 416.920 (2010). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. §§ 404.1520(a), 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. §§ 404.1520(b), 416.920(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. Id. §§ 404.1520(c), 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. §§ 404.1520(d), 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. 20 C.F.R. §§ 404.1520(e),

416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f) (2010). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he had not engaged in substantial gainful activity since the alleged onset date, May 15, 2008. (Tr. at 17, Finding No. 2.) Under the second inquiry, the ALJ found that Claimant suffered from the severe impairment of "status post hip replacement in 1992; status post fractured left clavicle in 2004; cellulitis of the left arm; status post rib fractures in 2008; mild degenerative joint disease of the cervical spine; degenerative disc disease of the thoracic spine; and depression/anxiety." (Tr. at 17, Finding No. 3.) At the third inquiry, the ALJ concluded that Claimant's impairments did not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 17, Finding No. 4.) The ALJ then found that Claimant had a residual functional capacity ("RFC") to perform a range of light level work as follows:

> [T]he [C]laimant can: lift and/or carry 20 pounds occasionally and 10 pounds frequently; sit for 6 hours out of an 8 hour workday; stand and/or walk for 6 hours out of an 8 hour workday; push/pull with the upper extremities equal to the lift/carry amount; and occasionally reach overhead with the left upper extremity, climb ramps/stairs, balance, kneel, crawl, stoop, and crouch. However, the [C]laimant can never work around hazardous machinery, work at unprotected heights, climb

>ladders/ropes/scaffolds, or work on vibrating surfaces. Finally, due to his mental impairments the [C]laimant is limited to simple, routine, repetitive, and unskilled tasks that involve only occasional interactions with the general public.

(Tr. at 19, Finding No. 5.) At step four, the ALJ found that Claimant was incapable of performing his past relevant work. (Tr. at 25, Finding No. 6.) On the basis of testimony of a Vocational Expert ("VE") taken at the administrative hearing, the ALJ concluded that Claimant could perform jobs such as an assembler, a packer, and an inspector/tester/sorter, at the light level of exertion. (Tr. at 25-26, Finding No. 10.) On this basis, benefits were denied. (Tr. at 26, Finding No. 11.)

Claimant's Background.

Claimant was born on November 6, 1965, and was 44 years old at the time of the administrative hearing, September 21, 2010. (Tr. at 25, 38, 122.) Claimant had a high school education and was able to communicate in English. (Tr. at 25, 38, 143, 150.) In the past, Claimant worked as a utility worker. (Tr. at 25, 39-40, 145, 154-56, 161.)

The Medical Record.

The undersigned has reviewed all the evidence of record, including the medical evidence of record, and will discuss it below as it relates to Claimant's arguments.

Claimant's Challenges to the Commissioner's Decision.

Claimant alleges that the ALJ's decision is not supported by substantial evidence because the ALJ erred in failing to make an explicit finding at step one of the two-step pain and credibility assessment that he had a medical impairment that would have reasonably produced his alleged pain and symptoms. (Document No. 12 at 7-10.) Claimant further alleges that the ALJ erred in assessing his mental residual functional capacity and in not presenting to the VE all the limitations resulting from his mental impairments. (Id. at 10-12.)

Analysis.

1. Pain and Credibility.

Claimant first alleges that the ALJ erred in assessing his credibility by failing to make an explicit finding that he had a medical impairment that was reasonably likely to have produced his alleged pain and symptoms. (Document No. 12 at 7-10.) A two-step process is used to determine whether a claimant is disabled by pain or other symptoms. First, objective medical evidence must show the existence of a medical impairment that reasonably could be expected to produce the pain or symptoms alleged. 20 C.F.R. §§ 404.1529(b) and 416.929(b) (2010); SSR 96-7p; See also, Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). If such an impairment is established, then the intensity and persistence of the pain or symptoms and the extent to which they affect a claimant's ability to work must be evaluated. Id. at 595. When a claimant proves the existence of a medical condition that could cause the alleged pain or symptoms, "the claimant's subjective complaints [of pain] must be considered by the Secretary, and these complaints may not be rejected merely because the severity of pain cannot be proved by objective medical evidence." Mickles v. Shalala, 29 F.3d 918, 919 (4th Cir. 1994). Objective medical evidence of pain should be gathered and considered, but the absence of such evidence is not determinative. Hyatt v. Sullivan, 899 F.2d 329, 337 (4th Cir. 1990). A claimant's symptoms, including pain, are considered to diminish her capacity to work to the extent that alleged functional limitations are reasonably consistent with objective medical and other evidence. 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4) (2010). Additionally, the Regulations provide that:

> [w]e will consider all of the evidence presented, including information about your prior work record, your statements about your symptoms, evidence submitted by your treating, examining, or consulting physician or psychologist, and observations by our employees and other persons. . . . Factors relevant to your symptoms, such

5

as pain, which we will consider include:

    (i) Your daily activities;

    (ii) The location, duration, frequency, and intensity of your pain or other symptoms.

    (iii) Precipitating and aggravating factors;

    (iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;

    (v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;

    (vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 or 20 minutes every hour, sleeping on a board, etc.); and

    (vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3) (2010).

SSR 96-7p repeats the two-step regulatory provisions:

First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s)--i.e., an impairment(s) that can be shown by medically acceptable clinical and laboratory diagnostic techniques--that could reasonably be expected to produce the individual's pain or other symptoms. * * * If there is no medically determinable physical or mental impairment(s), or if there is a medically determinable physical or mental impairment(s) but the impairment(s) could not reasonably be expected to produce the individual's pain or other symptoms, the symptoms cannot be found to affect the individual's ability to do basic work activities.

Second, once an underlying physical or mental impairment(s) that could reasonably be expected to produce the individual's pain or other symptoms has been shown, the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's symptoms to determine the extent to which the symptoms limit the individual's ability to do basic work activities. For this purpose, whenever the individual's statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the adjudicator must make a finding on the credibility of the individual's

statements based on a consideration of the entire case record.

SSR 96-7p, 1996 WL 374186 (July 2, 1996). SSR 96-7p specifically requires consideration of the "type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms" in assessing the credibility of an individual's statements. Significantly, SSR 96-7p requires the adjudicator to engage in the credibility assessment as early as step two in the sequential analysis; i.e., the ALJ must consider the impact of the symptoms on a claimant's ability to function along with the objective medical and other evidence in determining whether the claimant's impairment is "severe" within the meaning of the Regulations. A "severe" impairment is one which significantly limits the physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) and 416.920(c).

Craig and SSR 96-7p provide that although an ALJ may look for objective medical evidence of an underlying impairment capable of causing the type of pain alleged, the ALJ is not to reject a claimant's allegations solely because there is no objective medical evidence of the pain itself. Craig, 76 F.3d at 585, 594; SSR 96-7p ("the adjudicator must make a finding on the credibility of the individual's statements based on a consideration of the entire case record"). For example, the allegations of a person who has a condition capable of causing pain may not be rejected simply because there is no evidence of "reduced joint motion, muscle spasms, deteriorating tissues [or] redness" to corroborate the extent of the pain. Id. at 595. Nevertheless, Craig does not prevent an ALJ from considering the lack of objective evidence of the pain or the lack of other corroborating evidence as factors in his decision. The only analysis which Craig prohibits is one in which the ALJ rejects allegations of pain solely because the pain itself is not supported by objective medical evidence.

7

In view of error it found in the ALJ's pain analysis, the Craig Court remanded, stating its reasoning as follows:

> [T]he ALJ did not expressly consider the threshold question of whether Craig had demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain she alleges. Instead, the ALJ proceeded directly to considering the credibility of her subjective allegations of pain. . . . Accordingly, we remand to the ALJ to determine whether Craig has an objectively identifiable medical impairment that could reasonably cause the pain of which she complains. If the ALJ concludes that she does, then, and only, then, should it undertake an assessment into the credibility of Craig's subjective claims of pain.

Craig, 76 F.3d at 596. Relying upon this language in Craig, this Court remanded in Hill v. Commissioner of Social Security, 49 F.Supp.2d 865, 869 (S.D. W.Va. 1999) (Hallinan, J.), for consideration of the threshold issue in the pain analysis over the Commissioner's contention that it would be a waste of judicial and administrative resources because Mr. Hill would still be found not disabled. Judge Hallinan stated as follows:

> For the Court to make a determination when reviewing whether the ALJ's decision is supported by substantial evidence, the Court expects those below to conduct a full and intensive review of the record. Justice and fairness demands nothing less. To say that the results would be the same upon a second, more comprehensive review and explanation of the record, and therefore should not be done at all, would be to deny the Claimant his right to a fair decision, and in addition, deny the Court of a fully developed record of review.

Hill, 49 F.Supp.2d at 870. In Arnold v. Barnhart, Civil Action No. 1:04-0422 (S.D. W.Va. Sept. 29, 2005), this Court further held that Craig mandates "that an ALJ must make an *explicit* determination that a claimant has or has not proven an underlying medical impairment that could cause the pain alleged by the claimant." Id. at 11.

> [T]he ALJ's failure to expressly reach a conclusion regarding the first part of the pain disability test, the threshold question of whether a claimant has "an underlying medical impairment that could reasonably be capable of causing the pain alleged," constitutes a failure to apply the correct legal standard in determining that a claimant is not disabled by pain.

Id. at 14. See also Bradley v. Barnhart, 463 F.Supp.2d 577, 581 - 582 (S.D. W.Va. 2006) (J. Copenhaver) (remanding for the ALJ's failure to consider the threshold question of Craig prior to considering the credibility of her subjective allegations).

In the instant case, the ALJ noted the requirements of the applicable law and Regulations with regard to assessing pain, symptoms, and credibility (Tr. at 19, 23.), but failed explicitly to address the first prong of the two-step pain and credibility analysis. Consequently, the ALJ failed to determine at step one of the pain and credibility analysis whether Claimant had any underlying impairments which reasonably could have been expected to produce the pain or symptoms alleged. The Commissioner argues that Craig does not require the ALJ to discuss and make an explicit finding of an impairment that reasonably could have caused the claimant's alleged pain and symptoms. (Document No.13 at 11.) Rather, the Commissioner asserts that Arnold and Bradley have overstated the Craig requirements and contends that Craig is satisfied when it may be discerned from any portion of the ALJ's decision that a medically-determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms has been identified. (Document No. 13 at 12.) In so arguing, the Commissioner relies upon the unpublished Fourth Circuit decision in Nelson v. Apfel, 1998 WL 879588 (Aug. 3, 1998). In Nelson, the Court upheld the ALJ's credibility determination despite the ALJ's failure to make an explicit finding at step one. Nelson, 1998 WL 879588 at *3.

The undersigned finds the Commissioner's arguments unpersuasive in view of this Court's decision in Lester v. Astrue, 2011 WL 4344014 (S.D. W.Va. Sept. 13, 2011). In Lester, District Judge Irene C. Berger addressed and rejected the Commissioner's very same arguments. With respect to Nelson, Judge Berger noted that no district court within the Fourth Circuit had adopted

9

the "relaxed interpretation of the Craig requirements," as set forth in the unpublished opinion. Lester, 2011 WL 4344014 at *8. She further noted that the Eastern District of North Carolina was the only court that had addressed Nelson directly but rejected the Commissioner's argument and opted for the more formulaic approach taken in Bradley. Id., citing Pittman v. Astrue, 2008 WL 4594574 (E.D. N.C. 2008). Judge Berger determined that "a more formulaic interpretation of Craig, as presented in Bradley and Arnold, is best suited to protect the judicial review of an ALJ's decision on the two-step pain and credibility assessment." Id. Judge Berger therefore, remanded the matter to allow the ALJ to "make explicit findings as to the first prong of the two-step pain and credibility analysis." Id.

In view of the decisions in Arnold, Bradley, and Lester, the undersigned finds that the ALJ failed to make an explicit finding at step one of the two-step pain and credibility analysis, and recommends that the matter be remanded for further consideration of Claimant's alleged pain and symptoms.

2. Hypothetical Question.

Claimant also argues that the ALJ erred in failing to include all of Claimant's mental limitations in her questioning of the Vocational Expert, which resulted in an inadequate mental residual functional capacity assessment. (Document No. 12 at 10-12.) Specifically, Claimant contends that the ALJ failed to include in the hypothetical the observations of auditory and visual hallucinations by Ms. Walker and Dr. Syed, feelings of persecution as relayed to Ms. Walker, an inability to perform personal hygiene due to depression as reported to Ms. Walker, and poor cognition as observed by Dr. Syed. (Id. at 11-12.) Rather than identify specific mental limitations in her hypothetical to the VE, the ALJ used a short hand description of work involving simple,

routine, and repetitive and unskilled tasks that involved only occasional interactions with the general public. (Id. at 10-12.) Claimant asserts that the ALJ's short hand description of his limitations did not inform the VE adequately of his mental limitations. (Id. at 10.) Furthermore, Claimant asserts that the ALJ's mental RFC is not supported by any medical evidence of record as Dr. Saar, the state agency psychologist upon whom the ALJ relied, did not indicate the limitations as assessed by the ALJ. (Id. at 12.) Accordingly, Claimant asserts that the matter must be remanded for proper findings regarding his mental RFC. (Id.)

In response, the Commissioner asserts that the ALJ gave Claimant the benefit of the doubt regarding his mental limitations in assessing his mental RFC when Claimant sought counseling on only one occasion and was not treated with the exception of requesting medication from his family physician. (Document No. 13 at 15-16.) The Commissioner contends that the ALJ was not required to accept Ms. Walker's GAF of 45 because it was inconsistent with her findings of only mild deficiencies in social functioning, concentration, persistence, and pace. (Id. at 15.) Likewise, the ALJ was not required to accept Dr. Syed's one-time GAF of 10-15 because Claimant was in a state of delirium secondary to alcohol withdrawal. (Id. at 15-16.) The Commissioner contends that though Dr. Saar did not find a severe mental impairment, the ALJ gave Claimant the benefit of the doubt by restricting him as he did. (Id. at 16.) Accordingly, the Commissioner contends that the ALJ's mental RFC assessment is supported by substantial evidence. (Id.)

To be relevant or helpful, a vocational expert's opinion must be based upon consideration of all evidence of record, and it must be in response to a hypothetical question which fairly sets out all of the claimant's impairments. Walker v. Bowen, 889 F.2d 47, 51 (4th Cir. 1989). "[I]t is difficult to see how a vocational expert can be of any assistance if he is not familiar with the particular

claimant's impairments and abilities – presumably, he must study the evidence of record to reach the necessary level of familiarity." Id. at 51. Nevertheless, while questions posed to the vocational expert must fairly set out all of claimant's impairments, the questions need only reflect those impairments that are supported by the record. See Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Additionally, the hypothetical question may omit non-severe impairments, but must include those which the ALJ finds to be severe. See Benenate v. Schweiker, 719 F.2d 291, 292 (8th Cir. 1983).

In the ALJ's hypothetical questions to the VE, the ALJ asked, concerning mental limitations, whether a person of Claimant's age, education, and past relevant work experience, who was limited to "simple, routine, repetitive and unskilled" work could perform any work. (Tr. at 57.) In response to the ALJ's hypothetical, the VE responded that he could not return to his previous work, but was able to perform jobs such as an assembler, a packer, and an inspector/tester/sorter. (Tr. at 57.) In a further hypothetical, the ALJ included limitations of occasional interaction with the general public and being off task 30 to 40% of the workday due either to absences in excess of those allowed ro due to interruptions in concentration, persistence, or pace. (Tr. at 58.) The VE responded that such a person would be excluded from any competitive employment. (Tr. at 59.)

Claimant asserts that the ALJ's mental limitations were incomplete. The medical evidence, which is limited, reveals that Claimant was prescribed Xanax and Cymbalta by his treating physician for depression. (Tr. at 45.) He also was examined by Mari Sullivan Walker, a license psychologist, on April 15, 2009. (Tr. at 651-59, 680-91.) Claimant complained of panic attacks, nervousness, an inability to sleep well, an inability to work, and depression due to his inability to work. (Tr. at 652.) He also complained that he was unable to concentrate and was irritable and tired.

(Id.) On mental status examination, Ms. Walker observed a depressed mood and restricted affect, as well as delusions consisting of feelings of people being against him, watching him, talking about him, and laughing at him. (Tr. at 656.) Ms. Walker noted auditory and visual hallucinations and suicidal ideation. (Tr. at 657.) She further noted that Claimant required help with daily activities, including personal hygiene, because he lacked motivation to do these things. (Tr. at 657-58.) Ms. Walker diagnosed mood disorder (293.83), anxiety disorder (294.84), and borderline intellectual functioning (799.9), and assessed a GAF of 45.[1] (Tr. at 610, 658-59.)

On May 5, 2009, when hospitalized initially due to his physical condition, Claimant experienced some confusion, which was believed to have been from alcohol withdrawal. (Tr. at 473.) Dr. Safiullah Syed, M.D., noted on mental status examination that Claimant was quite confused and unable to answer any questions. (Id.) His thought process was disorganized, he talked to himself, and he presented with hallucinations and possible delusions. (Id.) Dr. Syed noted that he had poor cognition due to the delirium, with poor memory, insight, and judgment. (Id.) Dr. Syed diagnosed delirium tremens secondary to alcohol withdrawal, with a history of depression, and prescribed medication. (Id.) Claimant was discharged from the hospital on May 12, 2009, at which time it was noted his confusion from the alcohol withdrawal was treated with Haldol and that his orientation improved. (Tr. at 465.) He was discharged in stable condition. (Id.)

Dr. Timothy Saar, Ph.D., a licensed psychologist, completed a form Psychiatric Review Technique on July 13, 2009, in which he opined that Claimant's mood and anxiety disorders were not severe impairments. (Tr. at 598-611.) He further opined that the impairments resulted in no more

---

[1] The Global Assessment of Functioning ("GAF") Scale is used to rate overall psychological functioning on a scale of 0 to 100. A GAF of 41-50 indicates that the person has serious symptoms, or serious impairment in social, occupational or school functioning. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* ("DSM-IV") 32 (4th ed. 1994).

than mild limitations in maintaining activities of daily living, social functioning, concentration, persistence, or pace, and no episodes of decompensation of extended duration. (Tr. at 608.)

In view of the foregoing evidence relating to Claimant's mental impairments and limitations, the undersigned finds that the ALJ failed to include all of the limitations supported by the evidence in her hypothetical to the VE. Ms. Walker observed auditory and visual hallucinations resulting from his accident and the ALJ did not present those limitations to the VE. Furthermore, the ALJ did not account for Claimant's feelings of persecution or inability to care for himself due to depression. Though Claimant further asserts that the ALJ failed to address his poor cognition, that condition appeared to have been limited to his hospitalization at which time he was in a state of delirium. The ALJ grouped together in a summary fashion and presented to the VE, mental limitations that were not entirely accounted for in the medical record. Dr. Saar's opinion, on which the ALJ relied, did not contain the specific limitations as assessed by the ALJ. Accordingly, the undersigned finds that the matter must, too, be remanded for further consideration of Claimant's mental impairments and mental residual functional capacity.

For the reasons set forth above, it is hereby respectfully **PROPOSED** that the District Court confirm and accept the foregoing findings and **RECOMMENDED** that the District Court **GRANT** the Plaintiff's Motion for Judgment on the Pleadings (Document No. 12.), **DENY** the Defendant's Motion for Judgment on the Pleadings (Document No. 13.), **REVERSE** the final decision of the Commissioner, **REMAND** this matter for further proceedings consistent with this Proposed Findings and Recommendation pursuant to the fourth sentence of 42 U.S.C. § 405(g), and **DISMISS** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**,

and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then fourteen days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.Ed.2d 933 (1986); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Berger, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to send a copy of the same to counsel of record.

Date: February 22, 2013.

R. Clarke VanDervort
United States Magistrate Judge